Eastern District of Kentucky
FILED
JUN 26 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON
CIVIL NO.: 05-376-DCR

| | |
|---|---|
| FMC TECHNOLOGIES, INC., | PLAINTIFF, |
| vs. | |
| SEQUOIA ENERGY, L.L.C., | DEFENDANT |
| and | |
| FMC TECHNOLOGIES, INC., | THIRD-PARTY PLAINTIFF |
| vs. | |
| COLONY INSURANCE COMPANY, | THIRD-PARTY DEFENDANT |
| And | |
| PACIFIC CENTRAL STEEL FABRICATION, INC. | THIRD-PARTY DEFENDANT /COUNTERCLAIMANT. |

\* \* \* \*

## MEMORANDUM AND ORDER

\* \* \* \*

The defendant (hereinafter "Sequoia") has served a notice to take the deposition of "one or more officers, agents, managing directors or other representatives" of the plaintiff corporation (hereinafter "FMC"). The depositions are noticed for July 11, 2006, at the offices of Sequoia's local counsel in Lexington, Kentucky (DE #57-3). Served on the same date, Sequoia also noticed the deposition of FMC employee, Randy Webb, also to be taken in Lexington, Kentucky at its counsels' office the following day, July 12, 2006 (DE #57-4).

FMC has filed a motion for a protective order (DE #57-1), which is supported by a memorandum (DE #57-2). FMC further attached to its motion copies of correspondence (DE #57-5) and affidavit (DE #57-6) reflecting that counsel have been unable to resolve this dispute. Further, the matter was not resolved during a telephonic conference with the Magistrate Judge on June 21, 2006. Thus, the discovery dispute has been submitted to the Court for ruling (See Minute Order entered on June 21, 2006).

As pointed out in Sequoia's response (DE #61), the general rule is that "in the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice - even if he is a nonresident", citing Orrison v. Balcor Co., 132 F.R.D. 202, 203 (N.D. Ill. 1990). The reason behind this rule is that, ordinarily, a defendant is entitled to examine the plaintiff in the forum where plaintiff has chosen to sue. See, e.g., Haviland & Co. v. Montgomery Ward & Co., 31 F.R.D. 578, 580 (S.D.N.Y. 1962) and Seuthe v. Renwal Products, Inc., 38 F.R.D. 323, 324 (S.D.N.Y. 1965). However, the general rule loses some weight where, as here, the plaintiff had no choice of forum. See Ellis Air Lines v. Bellanca Aircraft Corporation, 17 F.R.D. 395 (D.C. Del. 1955).

FMC points out that this suit was filed as a mere collection action. Thus, the posture of the case changed greatly when the counterclaim was filed, as well as later when third-party defendants were added. We now have, in addition to the original collection claim, a counterclaim seeking damages (consequential and punitive) for alleged breaches of warranty, failure to perform in a workmanlike manner, and delay, an insurance claim, and a third-party claim against the fabricator and designer of the refuse conveyor coal system, the payment for which this suit was initially instituted. Thus, due to the gravity of the counterclaim, FMC contends that, in reality, it has become in the status of a defendant.

The general rule that a plaintiff should submit to examination by the defendant at the forum in which plaintiff chose to bring the action is not an inflexible rule. See Coburn v. Warner, 12 F.R.D. 188 (D.C.N.Y 1951). Stated differently, the defendant does not have an absolute right to examine the plaintiff (or its agent and employees) orally at the forum. Fisser v. International Bank, 20 F.R.D. 419 (D.C.N.Y 1957); also see O'Hara v. U.S. Lines Co., 164 F. Supp. 549 (D.C.N.Y 1958). The Court has great discretion in designating the location of a deposition. Thompson v. Sun Oil Company, 523 F.2d 647 (8th Cir. 1975); Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94 (D.C.N.Y. 1968).

Here, counsel for FMC states that to comply with the notice of deposition, it would be necessary for three representatives to travel from Mississippi to Lexington for the two-day depositions. It is further contended that voluminous documents from its corporate offices would have to be reviewed and, in all probability, produced and/or copied. Keeping in mind that the corporate offices are located in an area near Tupelo, Mississippi, (just south of Memphis, Tennessee), a distance of 440 miles from Lexington, Kentucky, with an estimated driving time of 7 ½ hours, it seems it would be much more efficient and extremely less burdensome for Sequoia's counsel to travel to FMC's corporate offices, where the voluminous records are maintained and where the three FMC witnesses reside. The depositions will remain assigned for the same dates and times previously noticed, unless Sequoia elects to reschedule same.

In fairness (and hopefully to keep down future disputes regarding the situs of discovery depositions), any future depositions of corporate representatives or employees, should, in the absence of an agreement to the contrary, be taken at the corporate offices of the corporation witnesses or representatives whose oral testimony is sought in discovery, unless such witness resides in this forum.

- 4 -

The motion for a protective order (DE #57) is **granted** to the extent set out above.

This the 26th day of June, 2006.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge