UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| FMC TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-376-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SEQUOIA ENERGY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Plaintiff, FMC Technologies, Inc., filed a Complaint in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [R. 1 ¶ 4]. The Plaintiff asserts that it is a Delaware Corporation with its principal place of business in Houston, Texas, and that Defendant Sequoia Energy, LLC is a Kentucky limited liability company with its principal place of business in Kentucky. *Id.* at ¶ 2. The parties do not dispute the Court's subject matter jurisdiction. A district court, however, must raise subject matter jurisdiction *sua sponte* at any juncture because a federal court lacks authority to hear a case without jurisdiction. *Klepsky v. United Parcel Serv.*, 489 F.3d 264, 268 (6th Cir. 2007) (stating that courts may raise subject matter jurisdiction at any juncture because "'a federal court lacks authority to hear a case without subject matter jurisdiction'") (quoting *Thornton v. Southwest Detroit Hosp.*, 859 F.2d 1131, 1133 (6th Cir. 1990)); *see also Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900) (stating that failure of parties to object does not relieve court of obligation to determine whether jurisdiction exists).

The Complaint fails to allege properly the citizenship of Defendant Sequoia Energy, LLC, because it does not disclose the citizenship of its members. It is well established that limited liability companies have the citizenship of each of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*, 2002 WL 31780184, 53 Fed. Appx. 731, 732 (6th Cir. 2002) (unpublished) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members . . . ."); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a "citizen of every state of which its owners/members are citizens"); *PRAMCO, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (holding that an LLC has the citizenship of its members and noting that "every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members"); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join

them in this holding."); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that "defendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members"). Without such information, Sequoia Energy, LLC's citizenship cannot be determined.

The Plaintiff may be able to amend its Complaint to remedy this deficiency pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Generally, amendments pursuant to section 1653 are encouraged. *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) ("Amendment to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting § 1653–to avoid dismissals on technical grounds."). Diversity jurisdiction must actually be present, however, for the Court to allow the amendment. *Campbell v. Equitable Life Assurance Soc'y*, No. 94-5126, 1995 WL 478716, at *3 (6th Cir. Aug. 10, 1995) ("This court has allowed defendants to cure defective allegations regarding diversity jurisdiction in their removal petition 'where such jurisdiction did in fact exist [and] after the time for removal had expired.'") (alteration in original) (quoting *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993)). As such, "[section] 1653, while permitting amendments to cure defective allegations of jurisdiction, does not permit amendments to remedy actual jurisdictional defects . . . ." *Jackson v. Heh*, No. 98-4420, 2000 WL 761807, at *8 (6th Cir. June 2, 2000). Based on the current record in this matter, the Court cannot determine whether complete diversity exists between the parties. For obvious reasons and to preserve the parties' resources, the questions surrounding this Court's jurisdiction should be determined at this stage.

Accordingly, it is hereby **ORDERED** that within twenty (20) days of this Order the Plaintiff,

FMC Technologies, Inc., shall **SHOW CAUSE** why this matter should not be dismissed for lack of subject matter jurisdiction. Such information may be provided in an affidavit of counsel. Plaintiff also shall attach an amended complaint incorporating proper allegations of citizenship.

This the 23rd day of April, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge